IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 26, 2011 Session

## LIBERTY MUTUAL INSURANCE COMPANY ET AL. v. TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT AND WORKERS' COMPENSATION DIVISION

Appeal from the Chancery Court for Davidson County
No. 08-2777-I     Claudia Bonnyman, Chancellor

No. M2010-02082-COA-R3-CV - Filed January 3, 2012

This action was filed pursuant to the Uniform Administrative Procedures Act, Tennessee Code Annotated § 4-5-322, for contested cases. The petitioner challenges a penalty assessed by the Tennessee Department of Labor and Workforce Development, Division of Workers' Compensation. The stated reason for the penalty was the failure to file Form C-20, Tennessee Employer's First Report of Work Injury, regarding eighteen injuries that occurred in January and February 2003 which were medical only injuries, meaning no disability benefits were owing. The trial court affirmed the penalty. We find the petitioner was not afforded proper notice of the Department's basis for issuing the penalty in violation of the petitioner's due process rights under the UAPA, Tennessee Code Annotated § 4-5-307. We also find that the Department exceeded its authority by changing its "interpretation" of Tenn. Comp. R. & Regs. 0800-2-1-.06, a rule that was unambiguous and, thus, not subject to interpretation. The trial court's holding is reversed, and this matter is remanded with instructions to vacate the penalty assessed against the petitioner.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Richard C. Mangelsdorf, Jr., and David B. Weatherman, Nashville, Tennessee, for the appellants, Liberty Mutual Insurance Company and Covenant Transport.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Joshua Davis Baker, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce Development and Workers' Compensation Division.

## OPINION

The Workers' Compensation Division of the Tennessee Department of Labor and Workforce Development ("the Department") assessed a $59,050 civil penalty against Liberty Mutual Insurance Co. ("Liberty Mutual"), a workers' compensation insurance carrier. The penalty was assessed by the Director of the Department's Penalty Program in April 2008, for the stated reason that Liberty Mutual failed to file twenty-two Form C-20 First Reports of Work Injury ("Form C-20") for workplace injuries occurring in January and February of 2003. Following a contested case hearing before the Designee of the Commissioner of Labor and Workforce Development, the Department affirmed the Director's decision with respect to eighteen of the twenty-two counts. Liberty Mutual then filed this Petition for Judicial Review in the Davidson County Chancery Court. The Chancellor affirmed the penalty, finding the Department's decision to assess the penalty was within its statutory authority and was supported by substantial and material evidence.

## STANDARD OF REVIEW

Judicial review of decisions of administrative agencies, when those agencies are acting within their area of specialized knowledge, experience, and expertise, is governed by the narrow standard contained in Tennessee Code Annotated § 4-5-322(h) rather than the broad standard of review used in other civil appeals. *Willamette Indus., Inc. v. Tenn. Assessment Appeals Comm'n,* 11 S.W.3d 142, 147 (Tenn. Ct. App. 1999) (citing *Wayne County v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279-80 (Tenn. Ct. App. 1988)).

Although judicial review is constrained, the reviewing court may reverse or modify the decision of the agency if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1)     In violation of constitutional or statutory provisions;
(2)     In excess of the statutory authority of the agency;
(3)     Made upon unlawful procedure;
(4)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)(A) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h)(1)-(5)(A).

ANALYSIS

Our analysis shall focus on the unequivocal language of the regulation at issue, Tenn. Comp. R. & Regs. 0800-2-1-.06(2), the Notice of Potential Claim Form Filing Violations provided by the Department to Liberty Mutual, and the stated reason for the assessment of the penalty.

I.

Workers' compensation insurance carriers are required, by statute and regulation, to file certain reports with the Tennessee Department of Labor following workplace injuries.[1] The Department reviews the forms to ensure compliance with workers' compensation rules and statutes, and to compile and analyze statewide claims statistics in order to make accurate and reliable reports and recommendations to the Tennessee General Assembly. The specific reporting requirements are set forth in Rule 0800-2-1-.06, which went into effect in 1987:

> Each employer, self-insured employer, and/or insurance company shall file with the Director an accident report, Form C-20 (Tennessee Employer's First Report of Work Injury), which records each and every accident resulting in a work-related death or personal injury as defined in T.C.A. § 50-6-102.
>
> > (1) When the injured person does not return to employment within seven (7) days after the occurrence of such accident or if there is permanent disability regardless of the number of days of lost work, Form C-20 must be filed. Form C-20 shall be submitted to the Director as soon as possible, but not later than fourteen (14) days after the accident.
> > (2) Reports of all accidents causing seven (7) days of disability or less and/or causing no permanent impairment shall be submitted to the Director on or before the 15th day of the month following the month covered by the report. Such reports shall be submitted on Form C-21.

---

[1]*See* Tenn. Code Ann. §§ 50-6-118, -415; The Occupational Safety and Health Act of 1972, Tenn. Code Ann. § 50-3-101 et. seq.; Tenn. Comp. R. & Regs. 0800-2, Division of Workers' Compensation.

Tenn. Comp. R. & Regs. 0800-2-1-.06.[2]

Subpart (1) of Rule 0800-2-1-.06 expressly provides that *Form C-20 shall be filed to report an injury for which the employee missed more than seven days of work or sustained a permanent disability.* Such claims are referred to as "loss time" claims for which the injured employee would be entitled to receive disability benefits in addition to medical benefits. Form C-20 is one full page, providing sufficient space for the insurer to provide a detailed report of the injuries sustained by the employee and the incident leading to the injury. Each C-20 covers one incident of injury to one employee.

By contrast, as subpart (2) of Rule 0800-2-1-.06 expressly provides, *Form C-21 shall be filed to report an injury for which the employee missed seven days of work or less and is not permanently disabled.* Form C-21, "Monthly Report of Non-Compensable Injuries or Diseases," is – or was, as we discuss below – a monthly log on which the insurer listed all "medical only" injuries[3] occurring in a given month. The information to be provided on Form C-21 was minimal compared to that provided on Form C-20; the pre-printed C-21 form limited the information to be reported to one line for each injury. On Form C-21 the insurer was to provide the name of the employee, the date of the accident, the name of the employer, a very brief description of the nature of the injury, the days of work lost, and the medical expenses. Because Form C-21 was a monthly log, injuries to several employees could be reported on each monthly report.[4] The instructions for completing Form C-21, which were stated at the top of the form, read as follows:

> This report should include all claims closed in the previous month that resulted in lost time of seven days or less and/or incurred medical expenses. The report should be filed with this division by the fifteenth day of the month, covering the previous month. This report must contain the total medical expenses paid when closing out the claim.

---

[2]The penalty for failing to comply with the reporting requirements under Rule 0800-2-1-.06 is $25 per violation for every fifteen days past the required date of filing. Tenn. Comp. R. & Regs. 0800-2-1-.06(4).

[3]These are referred to as "medical only" because the injured employee qualified for medical benefits but not disability benefits.

[4]At the bottom of Form C-21 were spaces in which the insurer was to report totals for: (1) the number of cases without lost time from work, (2) the total medical expense of cases without lost time from work, (3) the total number of cases with one to seven days lost from work, (4) the total number of lost work days (the cumulative of number 3), and (5) the total medical expense for cases with one to seven days lost from work.

Fatality claims, claims involving more than eight days lost time, or claims resulting in permanent disability must be reported on <u>Form C-20 First Report of Injury</u>.

(Emphasis in original).

Rule 0800-2-1-.06 went into effect in 1987 and has not been amended; nevertheless, the Department changed the filing requirements effective July 1, 2003. Prior to July 1, 2003, the Department applied Rule 0800-2-1-.06 as the rule expressly reads – all "loss time" injuries were reported to the Department by filing Form C-20, "First Report of Injury," and all "medical only" injuries were reported to the Department by filing Form C-21, "Monthly Report of Non-Compensable Injuries or Diseases." The 2003 change, however, as the Department explains, resulted from the Department changing its interpretation of the reporting requirements of Rule 0800-2-1-.06 and to accommodate a new electronic, computer-based filing system.[5] To implement the change, effective July 1, 2003, the Department issued a notice on February 4, 2003 (the "2003 EDI Notice") to all employers and workers' compensation insurance carriers, including Liberty Mutual. The 2003 Notice provided in relevant part:

> The Tennessee Workers' Compensation Division is accepting Electronic Data Interchange (EDI) for First Reports of Work Injury (FROI). . . . The standard used for implementation is the International Association of Industrial Accidents Boards and Commissions (IAIABC) Implementation Guide for Release 1.

> The Division is currently piloting with Cambridge Integrated Services Group Inc. Other carriers are being added on a voluntary basis. Effective July 1, 2003, filing electronically will become mandatory.

> The IAIBC standard First Report of Work Injury form which Tennessee must use for EDI purposes contains a field that will identify the First Report as medical only or loss time. Therefore, Tennessee Form C21, Monthly Report of Non-compensable Injuries, will be phased out through the implementation of FROI. As a result, the IAIBC First Report of Work Injury Form will be filed with the Tennessee Workers' Compensation Division for both loss time and medical only claims.

---

[5]Notwithstanding its interpretation of the Rule, the Department stated the change was due to the requirements of the Electronic Data Interchange, which was not compatible with the C-21 Form.

Because of the changes dictated by the 2003 EDI Notice, Form C-21 was discontinued, and since July 1, 2003, the Department has required all employers and workers' compensation insurance carriers to submit Form C-20 for every workplace accident that causes injury.

II.

The present dispute arises from a 2006 investigation conducted by the Tennessee Occupational Safety and Health Administration ("TOSHA") into employment policies and practices at Covenant Transportation, a large trucking and shipping company based in Chattanooga, Tennessee ("Covenant"). During the course of the investigation, TOSHA discovered possible reporting irregularities in workers' compensation claims involving Covenant employees, and forwarded its findings to the Department.

After reviewing the information provided by TOSHA, the Department discovered that Liberty Mutual, along with several other workers' compensation insurance carriers, had not filed C-20 Forms in 1,216 cases involving Covenant employees between January 2003 and March 2007. On June 11, 2007, the Director of the Department's Penalty Program, Peter Halverstadt, issued a Notice of Potential Claim Form Filing Violations to Liberty Mutual and the other carriers ("2007 Notice" or "2007 Notice of Potential Claim Form Filing Violations"). Liberty Mutual reviewed its files and determined that twenty-two cases involved claims filed during its period of coverage, January 1, 2003 through February 28, 2003. Of those twenty-two cases, eighteen involved "medical only" injuries.[6] As for the remaining four, Liberty Mutual had no record of injury for two of the listed employees, one case was settled; and, in one case, Liberty Mutual's records reflected that a C-20 had been timely filed. Based upon its determination that the eighteen accidents at issue were medical only and the unequivocal reporting requirements in Rule 0800-2-1-.06(2) that Form C-21 shall be filed for medical only injuries, Liberty Mutual refused to file C-20 forms for the eighteen medical only injuries.

In response to Liberty Mutual's refusal to file the C-20s, Mr. Halverstadt issued an Agency Decision Assessing a Penalty for Failure to File or Timely File 1st Report of Injury Claim Forms to Liberty Mutual on April 18, 2008 ("2008 Penalty Assessment" or "Penalty Assessment"). The 2008 Penalty Assessment provided that Liberty Mutual was required to file the C-20 forms, and that the Department was assessing a $59,050.00 penalty for the unfiled C-20s. Liberty Mutual immediately requested an administrative hearing, which was held July 17, 2008, before the Designee of the Commissioner of Labor and Workforce

---

[6]Only these 18 violations were considered at the administrative hearing. The record does not reflect how the parties resolved the remaining 4 alleged violations.

Development, Administrative Law Judge Dan Bailey. Administrative Law Judge Bailey affirmed the penalty as to eighteen of the twenty-two alleged violations,[7] finding that, "Petitioners have admitted that there were eighteen (18) first reports of injury at issue in this case, and that these eighteen first reports of Injury were not filed as of the date of the hearing," and further finding there was "substantial and material evidence to support the Agency Decision of April 6, 2008 assessing penalties for the failure to timely file First Reports of Injury."

The Department admits that Liberty Mutual cannot be penalized for failing to file Form C-20 in each of the eighteen cases because, when the disputed injuries occurred, Form C-20 was not required for such injuries; Form C-21 was required. The Department states that Liberty Mutual was assessed the penalty for failing to submit information about each of the eighteen incidents on a C-21 Form.[8]

The due process problem with the Department's rationale is that the failure to file C-21 forms is not identified as a deficiency in the 2007 Notice of Potential Claim Filing Violations; moreover, it is not the stated basis for the 2008 Penalty Assessment. Instead, Form C-20 filing deficiencies are listed as the basis for the penalty, and the Department agrees C-20 forms were not required for medical only injuries at the time of Liberty Mutual's alleged violations.

In administrative proceedings such as this, "the minimum requirements of due process must . . . be satisfied when an agency's decision could adversely affect vested property interests or other constitutional rights." *Martin v. Sizemore*, 78 S.W.3d 249, 267 (Tenn. Ct. App. 2001). Although due process does not dictate particular procedures in every instance, administrative proceedings must afford affected parties 1) adequate notice, 2) an opportunity for a hearing at a meaningful time and in a meaningful manner, and 3) an opportunity to obtain judicial review of the board's or agency's decision. *Id.* (internal citations omitted).

---

[7]The record does not reflect how the remaining 4 alleged violations were resolved.

[8]As the Department states in its brief:

"[Mr. Halverstadt] further testified that Liberty Mutual had been required to file a C-21 form to disclose no lost time and medical only injuries; however, because the C-21 had been 'phased out' by July 1, 2003, a C-20 form is now the only form to use for reporting injuries. He testified that Liberty Mutual did not file either form for the claims in this case. Mr. Halverstadt had requested that Liberty Mutual file a C-20 form to avoid additional penalties; C-21 forms were not requested, as they had been phased out."

The Uniform Administrative Procedures Act addresses the minimum notice required in contested administrative cases, such as the one at bar, at Tennessee Code Annotated § 4-5-307:

> (a) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice.
> (b) In all proceedings the notice *shall* include:
>> (1) A statement of the time, place, nature of the hearing, and the right to be represented by counsel;
>> (2) *A statement of the legal authority and jurisdiction under which the hearing is to be held, including reference to the particular sections of the statutes and rules involved*; and
>> (3) *A short and plain statement of the matters asserted.* If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter, upon timely, written application a more definite and detailed statement shall be furnished ten (10) days prior to the time set for the hearing.

Tenn. Code Ann. § 4-5-307 (emphasis added). To satisfy the basic due process notice requirement, the notice provided to the offending party must be "'reasonably calculated under all the circumstances, to apprise interested parties'" of the claims of the opposing parties. *McClellan v. Bd. of Regents of State Univ.*, 921 S.W.2d 684, 688 (Tenn. 1995) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). The purpose of due process requirements is to notify the individual or organization in advance in order to allow adequate preparation and reduce surprise. *Id.* (citing *Memphis Light, Gas and Water Div. v. Craft,* 436 U.S. 1, 14 (1978)).

The 2007 Notice of Potential Claim Form Filing Violations, states:

> Our Division finds the potential for assessing civil penalties for failing to file or to timely file the *First Report of Injury (C-20 form)*. Pursuant to Tenn. Comp. R. & Regs. 0800-2-1-.06, employers and/or insurance companies are required to file *the C-20 no later than fourteen (14) days after the accident.* Please find attached a spread sheet containing One Thousand, Two Hundred, and Sixteen (1,216) cases where our information indicates a failure to file or to timely file the C-20 for claims from January 1, 2003 through March 1, 2007. Thus, pursuant to T.C.A. § 50-6-118 and Tenn. Comp. R. & Regs. 0800-2-1-.06, you are potentially subject to a civil penalty of One Million, Sixty Thousand, Six Hundred, and Seventy-Five dollars ($1,060,675.00)**.** Please

allow this letter to serve as official written request for submission of documentation as to why the civil penalty should not be assessed for the above described violation.

The 2008 Penalty Assessment similarly provides:

> Upon review of the items submitted, all the information and documentation in the file, and the matter as a whole, the Director hereby FINDS that LM [Liberty Mutual] was given notice of 22 different injuries by the employees listed in the style of this case. Further, the Director finds that LM untimely filed the 1st Report of Injury Form (hereinafter "C-20") on 6 claims, for which a state file number has been assigned. The Director further finds that LM has, to date, failed to file the C-20s on the remaining 16 claims, for which no state file number has been generated. Lastly, the Director finds that LM has continued to refuse to file the C-20 on the remaining 16 claims even after the June 11, 2007 notice described above.

In response to the 2007 Notice of Potential Claim Filing Violations, John Nethery, the general claims manager for Liberty Mutual, wrote a letter to Mr. Halverstadt explaining that Liberty Mutual did not file the C-20s because the injuries were medical only, "for which no temporary total benefits were owed and, therefore, [there was] no requirement to file a C-20 form." Mr. Nethery reiterated his position that Form C-20 was not required in the eighteen disputed cases in a letter to Mr. Halverstadt in response to the 2008 Penalty Assessment. Neither Mr. Halverstadt, nor anyone else at the Department, informed Mr. Nethery that the penalty was for failing to file C-21 forms.

The 2007 Notice of Potential Claim Filing Violations and the 2008 Penalty Assessment both clearly state the basis for the penalty is Liberty Mutual's failure to file the C-20 First Report of Injury Form, not the C-21 Monthly Report of Non-Compensable Injuries or Diseases. The 2007 Notice also references the two-week filing deadline. This is significant because Rule 0800-2-1-.06 clearly states Form C-20 "shall be submitted to the Director as soon as possible, but not later than fourteen (14) days after the accident," whereas Form C-21 "shall be submitted to the Director on or before the 15th day of the month following the month covered by the report." Tenn. Comp. R. & Regs. 0800-2-1-.06(1) & (2). While the 2007 Notice and the 2008 Penalty Assessment state that Form C-20 filing deficiencies are the basis for the penalty, the Department agrees that C-20 forms were not required at the time of Liberty Mutual's alleged violations. Moreover, credible, uncontradicted evidence in the record shows the incidents at issue involved "medical only" injuries, which, pursuant to Rule 0800-2-1-.06(2), were required to be reported on Form C-21, not Form C-20. *Id.*

Under these circumstances, the notice provided to Liberty Mutual was not reasonably calculated to apprise Liberty Mutual of the Department's claims against it, that is, the failure to file Form C-21 for medical only injuries. *See McClellan*, 921 S.W.2d at 688 (internal citations omitted). If Liberty Mutual is to be penalized for allegedly failing to file the required C-21 forms in January and February of 2003,[9] the 2007 Notice of Potential Claim Form Filing Violations and the 2008 Penalty Assessment should have included a "statement of the legal authority, . . . including reference to the particular sections of the statutes and rules involved," and a "short and plain statement of the matters asserted," as Tennessee Code Annotated § 4-5-307 expressly requires. The "phasing out" of Form C-21 subsequent to Liberty Mutual's alleged filing violations does not relieve the Department of this obligation.

For the above reasons, we have concluded that the Department failed to follow the notice procedure required in Tennessee Code Annotated § 4-5-307 and, as a result, Liberty Mutual's rights have been prejudiced.[10] Because the failure to follow the lawful procedure resulted in prejudice to Liberty Mutual, the penalty assessed against Liberty Mutual must be vacated. *See* Tenn. Code Ann. § 4-5-322(h)(3); *see also Martin*, 78 S.W.3d at 267.

III.

Interpretation of an Unambiguous Rule

As the Department correctly asserts, courts are to afford deference and controlling weight to an agency's interpretation of its own rules and regulations. *Jones v. Bureau of TennCare,* 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002) (citing *Profill Dev., Inc. v. Dills*, 960 S.W.2d 17, 27 (Tenn. Ct. App. 1997) (citing *Jackson Express, Inc. v. State Public Serv. Comm'n,* 679 S.W.2d 942, 945 (Tenn. 1984)). There are, however, limits to this deferential standard. One such limitation is that the rule or regulation to be interpreted by the agency "must be ambiguous." *See Christensen v. Harris County*, 529 U.S. 576, 588 (2000); *see also Hannon Food Service, Inc.*, 317 F.3d 489, 495 (5th Cir. 2003). Another limitation is that the agency's interpretation of its own rule or regulation shall not be "plainly erroneous or inconsistent with the regulation." *Jones,* 94 S.W.3d at 501.

At all times relevant to the matters in dispute, Rule 0800-2-1-.06(1) and (2) expressly and unambiguously provided that Form C-20 *shall be filed* to report a loss work injury for

_____

[9]Evidence was presented during the administrative proceedings concerning whether Liberty Mutual actually did report the disputed incidents on Form C-21 in 2003. Jan Gatlin testified that she completed a "log" every month, which contained all of the information contained on a C-21, but she could not remember whether the form was actually a Form C-21. However, whether Liberty Mutual filed a C-21 is not relevant in the instant case, because Liberty Mutual was not given the appropriate notice.

[10]Our decision renders the remaining issues raised by Liberty Mutual moot.

which the employee missed more than seven days of work or sustained a permanent disability, and Form C-21 *shall be filed* to report a medical only injury for which the employee missed seven days of work or less, and is not permanently disabled. The foregoing notwithstanding, in 2003 the Department disregarded the unambiguous and mandatory language in the rule by *interpreting* it in a manner that effectively re-writes the rule by deleting subpart (2) in its entirety, which requires the filing of Form C-21 to report medical only injuries, and modifying subpart (1) by adding the requirement that the insurer shall file Form C-20 to report a medical only injury.

The reporting change the Department implemented with the 2003 EDI Notice was not the result of a change in the interpretation of an ambiguous rule, it was the impermissible creation of a de facto new rule.[11] As the United States Supreme Court explained in *Christen*:

> Seeking to overcome the regulation's obvious meaning, the United States asserts that the agency's opinion letter interpreting the regulation should be given deference under our decision in *Auer v. Robbins*, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). In *Auer*, we held that an agency's interpretation of its own regulation is entitled to deference. *Id.*, at 461, 117 S.Ct. 905. *See also Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). But *Auer* deference is warranted only when the language of the regulation is ambiguous. The regulation in this case, however, is not ambiguous - it is plainly permissive. To defer to the agency's position would be to permit the agency, under the guise of interpreting a

---

[11]The Department's authority to change the reporting requirements in Rule 0800-2-1-.06 by issuing the 2003 EDI Notice was not explicitly stated as an issue on appeal; however, the Department's authority to act in contravention of Rule 0800-2-1-.06 has been an issue throughout the administrative and judicial proceedings. The following exchange took place between counsel for Liberty Mutual and Director Halverstadt of the Department in testimony before Administrative Law Judge Bailey:

> Q: And you think they deserve the penalty despite the fact your regs today from the Web site . . . still require the filing of a C-21, . . . That's on the requirements today, isn't it?

> A: It is the requirements. And, again, when it changed to EDI, the rules are out of line with the actual process.

When asked why the Department had not amended the rule, Mr. Halverstadt responded, "It's on the list of to-do things for the Department."

regulation, to create de facto a new regulation. Because the regulation is not ambiguous on the issue of compelled compensatory time, *Auer* deference is unwarranted.

529 U.S. at 588.

Because the filing requirements in Rule 0800-2-1-.06(1) and (2) are unambiguous, the Department exceeded its authority, under the guise of interpreting the rule, by changing the filing requirements for medical only injuries.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with instructions that the trial court remand the case to the Department and to vacate the penalty assessed against Liberty Mutual. Costs of appeal are assessed against the State of Tennessee, Department of Labor and Workforce Development.

_____
FRANK G. CLEMENT, JR., JUDGE